```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

FIRSTMERIT BANK N.A.,            )
                                 )
              Plaintiff,         )
                                 )
    v.                           )    No.  13 C 2661
                                 )
DONALD L. WOLF, SR., et al.,     )
                                 )
              Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

This Court has just received its courtesy copy, pursuant to LR 5.2(f), of the First Amended Answer ("FAA") of Donald Wolf, Sr. ("Wolf, Sr."), Donald Wolf, Jr. and David Wolf (collectively "Guarantors") to the Second Amended Complaint ("SAC") brought by FirstMerit Bank N.A. ("FirstMerit") against Guarantors and three corporate defendants. Because it is an understatement to say that Guarantors' responsive pleading is extraordinarily problematic, and because FirstMerit has noticed up for hearing on August 29 (tomorrow) its motion for partial summary judgment against Guarantors, this Court hastens to address major deficiencies it has noted in Guarantors' pleading.[1]

First, the FAA has appropriately disclaimed, under the caption "General Answers," any response on behalf of the three

---

[1] Because this memorandum opinion and order is issued in haste due to Guarantors' few days' delay in delivery of the courtesy copy to this Court (it was filed last Thursday, August 22, so that the courtesy copy should have been delivered to this Court's chambers last Friday, August 23), this Court cannot vouch for the comprehensiveness of the treatment here.

corporate defendants (each of which is a debtor in Chapter 11 bankruptcy proceedings and is therefore covered by the automatic stay under the Bankruptcy Act). But having done that, Guarantors go on to restate that disclaimer throughout their responsive pleading--something that is no more than redundant surplusage and should be omitted entirely from the repleading that must take place in light of the matters dealt with hereafter.

Next, despite the clear roadmap marked out by another disclaimer provision--that set out in Fed. R. Civ. P. ("Rule") 8(b)(5)--Guarantors have coined their own improper disclaimer in their Answer ¶¶1, 4, 11, 23 and 28(S). In that respect, see App'x ¶1 to this Court's opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Guarantors' hereafter-ordered replacement pleading must cure that defect.

Next in order of appearance in the FAA, its Paragraph 3 is the first provision that raises a question about the objective good faith in pleading that is required by Rule 11(b) and, as to Guarantors' counsel, by 28 U.S.C. §1927 as well. This opinion will return to that subject later, but in the meantime FAA ¶3 must be recast.

FAA ¶4 complains that FirstMerit's failure to include documents violates the Illinois Supreme Court Rules for Foreclosure Cases. But it should be remembered that although this action is brought under diversity of citizenship

2

jurisdiction, so that Illinois law applies substantively, <u>pleading</u> is a matter of federal law--and hence notice pleading rather than the Illinois fact-pleading requirements is the order of the day.  That subject will be addressed further when foreclosure is the subject for consideration, as it is not in the upcoming August 29 motion against Guarantors.

Next, FAA ¶5 offers a denial as to FirstMerit's allegations as to Wolf, Sr.'s residence, though it does not go on to explain where he does reside.  More importantly, FAA ¶¶5 through 7 speak only of the respective <u>residences</u> of the Guarantors and are totally silent as to their states of citizenship (which are the relevant facts for diversity purposes), thus violating the obligation to respond to the allegations on that score in the SAC.  That unsatisfactory treatment is echoed in FAA ¶¶8 through 10 as to the three corporate defendants, this time by speaking of <u>their</u> Illinois residences rather than their citizenship as defined in 28 U.S.C. §1332(c)(1).

Importantly for purposes of FirstMerit's upcoming motion, this Court notes that Guarantors have admitted the relevant allegations of SAC ¶¶14, 15, 19, 20 ad 24.  There may be other provisions of the FAA that bear on that subject, and it is anticipated that if so they may become a matter for discussion at the presentment of FirstMerit's August 29 motion.

Next, Guarantors sprinkle their responses with assertions

3

that matters on which FirstMerit relies for its potential recovery against them "have no force or effect" because August 30, 2010 was somehow a watershed date. This Court is at a loss to understand what if any significance that has as to FirstMerit's entitlement to proceed against Guarantors directly, and it expects Guarantors' counsel to explain that claimed significance both in response to FirstMerit's forthcoming motion and in Guarantors' replacement pleading.

As a penultimate comment, this Court has noted that FAA ¶¶30 through 37 all conclude with this statement:

> Each guaranty alleged is related to a [sic] entity presently with petitions before the United States Bankruptcy Court.

In candor, that appears to make no sense at all. It is universally held that the fact that one defendant is in bankruptcy proceedings, and that it is therefore protected by the automatic bankruptcy stay, has no effect on a plaintiff's ability to proceed against codefendants who are <u>not</u> in bankruptcy.

Lastly, SAC ¶38 alleges:

> Each of the Guaranties is a valid and enforceable contract between FirstMerit and each Guarantor.

In response Guarantors say only this:

> The remaining defendants [that is, Guarantors] deny on the basis that the Guarantors are each before the US Bankruptcy Court.

Just what that is supposed to mean is a mystery that once again should be answered orally at the time of presentment of

4

FirstMerit's August 29 motion, as well as in the replacement pleading called for in this opinion.

## Conclusion

It is painfully obvious that the FAA is totally unsatisfactory for a host of reasons, and it is stricken sua sponte. Guarantors are granted leave to file a self-contained Second Amended Answer to the SAC on or before September 9, 2013. In addition to the previously-voiced warnings to counsel to be mindful of both Rule 11(b) and 28 U.S.C. §1927, no charge is to be made to Guarantors for their counsel's time and expense devoted to the preparation of the now-stricken pleading. Guarantors' counsel are ordered to apprise their clients to that effect by a letter coupled with a copy of this opinion, with a copy of the letter to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 28, 2013